State v. Gustin.

---

THE STATE v. GUSTIN, Appellant.

### Division Two, October 31, 1899.

1.  **Appellate Practice:** APPEALS WITHOUT DELAY.   When an appeal in a criminal case is not prosecuted without delay, the judgment should be affirmed.

2.  **Conviction Under City Ordinance:** NO BAR TO PROSECUTION FOR FELONY.   The defendant pleaded guilty in the mayor's court to a charge of the city marshal that he "did unlawfully assault, beat, strike and wound one F. A. Harter," contrary to a city ordinance. *Held*, that that judgment was not a bar to a prosecution under an indictment of the circuit court charging felonious assault upon the said Harter.

*Appeal from Clinton Circuit Court.*—HON. W. S. HERNDON, Judge.

AFFIRMED.

E. C. HALL for appellant.

(1) The court erred in finding against the defendant on his plea of *autrefois convict.* (a) A former prosecution for an offense is a bar to a subsequent prosecution when the former prosecution was for an offense which constitutes an element of the latter charge. Thus a conviction for petit larceny is a bar to a subsequent prosecution for grand larceny on the same facts. 11 Am. and Eng. Ency. of Law (1 Ed.), 942. (b) *Autrefois convict* only requires the transaction to be the same. Wright v. State, 17 Tex. App. 152. (c) Where a properly constituted court, acting under the authority of an ordinance of a city, punishes a person for violation of an ordinance, he can not again be punished for the same offense under the general laws of the State. State v. Cowan, 29 Mo. 330; State v. Thornton, 37 Mo. 360; State v. Freeman, 56 Mo. App. 579. (d) A person convicted of a less offense can not be again put upon trial for a greater offense when the same facts are required to establish it as in the former case. State v. Hatcher, 136 Mo. 641. (2) The court erred in giving the instruction for the reason that the same did not conform to the charge in the indictment and was misleading. State v. Smith, 119 Mo. 439. The court should have instructed the jury upon all questions of law arising in the case. This is mandatory. R. S. 1889, sec. 4208; State v. McGuire, 113 Mo. 670; State v. Nelson, 118 Mo. 124; State v. Stonum, 62 Mo. 596.

EDWARD C. CROW, Attorney-General, and SAM B. JEFFRIES, Assistant Attorney-General, for the State.

It would be serious folly to permit one who is guilty of a felony to plead guilty to a simple misdemeanor in a court of

a municipal corporation and then when indicted by the State
for the felony, to plead the prosecution for the misdemeanor
as a bar to prosecution under the indictment.    The crime
charged in the indictment is one over which the town or city
of Plattsburg had no jurisdiction, either concurrent or exclu-
sive and the trial court did not err in sustaining the State's
motion to quash defendant's plea of *autrefois convict*.    We
concede that, had the indictment charged only a simple assault,
the plea would be good.    The defendant was not tried in the
mayor's court for the felony, and had he been, it would not
be a good plea in bar for the reason that the municipal court
was void of jurisdiction.    Constitution, sec. 12; State v. John-
ston, 7 Mo. 183; State v. Clayton, 100 Mo. 519; State v.
Greene, 66 Mo. 63; State v. Melton, 117 Mo. 618; Pilot
Grove v. McCormick, 56 Mo. App. 530; R. S. 1889, sec.
4055; State v. Wonderly, 17 Mo. App. 597; State v. Cole,
48 Mo. 70; Jefferson City v. Courtmire, 9 Mo. 692.

GANTT, P. J.—The defendant was indicted at the May
term, 1897, of the circuit court of Clinton county for the felo-
nious assault upon one Fernando A. Harter by feloniously
shooting at said Harter with a certain loaded pistol and thereby
endangering the life of said Harter.

At the January term, 1898, he was put upon his trial and
found guilty as charged, and his fine assessed at one hundred
dollars.    From this he appealed to this court.

An inspection of the transcript discloses that although
the assault of which defendant was convicted was committed
September 16, 1896, he was not indicted until the May
term, 1897.    That he was not tried until January, 1898,
and his appeal was not filed in this court until May 25, 1899,
fifteen months after the granting of the same.

The sentence of the court was that the defendant stand
committed to the custody of the sheriff until he paid his fine
and the costs.    No supersedeas was granted by the circuit

court and none by this court. It does appear, however, that
on the twenty-second day of December, 1898, the sheriff
approved an appeal bond to this court. It would seem that
if the sheriff complied with the sentence of the court, and
there appears no excuse for not so doing, this fine would have
been served out long before this unauthorized and so-called
appeal bond was executed. The defendant has not paid the
docket fee in this court, but upon the representation that the
defendant was out on bond, and had in some manner obtained
a perpetual stay, the clerk was ordered to docket this cause.
When an appeal in a criminal case is not prosecuted without
unnecessary delay, no good reason can be given why it should
not be affirmed. Delays like this must and will continue to
be a reproach to the law. It is now nearly three years since
the indictment in this case was preferred.

I. The question raised upon this record is, however, an
exceedingly important and interesting one.

When the defendant was called upon to plead to the in-
dictment for felonious assault, he filed a special plea in which
he averred that on the 17th day of September, 1896, the
city marshall of Plattsburg filed a written information before
Hon. E. C. Hall, mayor of said city, charging defendant with
unlawfully touching, striking, beating and wounding said
Harter, contrary to section 14 of the ordinances of said city,
entitled "Miscellaneous Offenses;" that said mayor issued his
warrant for the arrest of defendant and said marshal arrested
defendant and took him before said mayor, and thereupon the
following judgment was rendered by said mayor:

"City of Plattsburg,

vs.

Wm. J. Gustin.

"Now, on this 17th day of September, 1896, comes James
R. Gibbany, city marshal, and files herein his complaint
charging that the defendant Wm. J. Gustin, did on the 16th

day of September, 1896, at said city, then and there unlaw-
fully assault, beat, strike and wound one F. A. Harter in a
rude and angry manner contrary to ordinance, whereupon
a warrant was issued for the arrest of said defendant and
placed in the hands of the marshal and forthwith comes the
marshal and brings the said defendant into court and the
defendant pleads guilty. His fine is·fixed at the sum of one
dollar and it is ordered that the city recover of defendant
the said sum of one dollar and costs taxed at the sum of six
dollars and forty-five cents.

"E. C. Hall, Mayor."

It was admitted by the State that the assault charged
in the indictment was the same to which defendant pleaded
guilty in the mayor's court save and except the prosecuting
attorney denied that it was a mere assault and battery, but
insisted it was a felonious assault of which the mayor had no
jurisdiction.

Both sides having waived a jury for the trial of this
special plea, and submitted it to the court, the circuit court
found said conviction before the mayor on said plea of guilty
was no bar to the present indictment for felonious assault.
This ruling is the basis of the assignment of error in this case.

The Constitution of this State guarantees that "no person
after being once acquitted by a jury, shall again be put in
jeopardy of life or liberty for the same offense," and the de-
fendant invokes this provision as a protection against the trial
and conviction in this case. It will be observed that the Con-
stitution uses the words "for the same offense." Such also
was the rule of the common law. The former acquittal or
conviction must have been "for the same identical act and
crime." [4 Blackstone, Com. 336.] Chitty in Vol. I,
Criminal Law, 452, says, "To entitle the defendant to this
plea, it is necessary that the crime charged be precisely the
same." In Com. v. Roby, 12 Pick. loc. cit. 504, Chief
Justice SHAW says, "In considering the identity of the offense,

it must appear by the plea, that the offense charged in both cases was the same in law and in fact."

The General Assembly of this State has given a legislative construction of the Constitution by the enactment of section 3951, wherein it is provided that "when a defendant shall be acquitted or convicted upon any indictment, he shall not thereafter be tried or convicted of a different degree of the same offense, nor for an attempt to commit the offense charged in the indictment, or any degree thereof, or any offense necessarily included therein, provided he could have been legally convicted of such degree or offense, or attempt to commit the same, under the first indictment." •

This statute is much more restricted in its language than the Constitution. By its terms it only applies where the defendant was indicted for the first offense, but in State v. Hatcher, 136 Mo. 641, we ruled that the word "indictment" in the statute is generic and includes an "information" as well, and thus brought the statute in harmony with the Constitution. Clearly, however, these provisions both in the organic law and the statute have reference solely to crimes or offenses against the public, including misdemeanors. Now this court in Ex parte Hollwedell, 74 Mo. 395, held that the violation of a city ordinance was not a crime, since a crime is an act committed in violation of public law, and hence it was unnecessary to proceed against the offender by indictment or information as is required by section 12, article II of the Constitution of Missouri, when a person is proceeded against criminally. [Kansas City v. Neal, 122 Mo. 232.] If, then an action by the city of Plattsburg for an offense against its ordinances is a mere civil action, can it be said to be a bar by the State for a violation of its criminal laws?

It will be observed that the charter of cities of the fourth class nowhere gives them exclusive jurisdiction to punish assaults and batteries within their limits, and it gives them ab-

solutely no jurisdiction of a felony, such as is charged in the indictment in this case.

In City of St. Louis v. Cafferata, 24 Mo. 94, it was held that the police powers granted to the city were in no sense inconsistent with the general criminal laws of the State; that "the defendant was subject to both laws and amenable to the penalties they prescribe."

So in State v. Wister, 62 Mo. 592, it was held that the city of Chillicothe had not exclusive jurisdiction in proceedings against bawdy houses and a conviction before the city authorities was no bar to a criminal prosecution by the State.

The defendant urges the decision of this court in State v. Hatcher, 136 Mo. 641, as authority for his claim that the mayor's judgment can be pleaded as a former conviction, but reference to that case will show that it was a prosecution in each case by the prosecuting attorney of the State; that defendant was proceeded against criminally in each, and it was correctly ruled that the prosecuting attorney could elect to *nolle* as to the higher grade of offense, and prosecute for the less, and having done so he could not afterwards proceed again for the greater offense.

That case does not contain any of the features presented by this record.

The authorities are quite numerous in other jurisdictions to the effect that a trial and conviction for assault and battery under an information charging that offense in a court having no jurisdiction over felonies constitute no bar to a subsequent indictment and prosecution for an assault with intent to kill based upon the same act. [State v. Foster, 33 Ia. 525; Achterberg v. State, 8 Tex. Crim. App. 463; State v. Stewart, 11 Oregon 52.]

But the plea before us does not raise that question, and it is better to decide cases upon the record and not anticipate or speculate upon matters outside. This plea does not set out any ordinance which was violated by defendant, and we can not

take judicial notice thereof. As it stood in the circuit court, and as it appears in this record, the plea was properly overruled. It did not show any ordinance justifying the mayor in receiving a plea of guilty and a fine of one dollar, and if it had it would not have prevented a criminal prosecution for the felony with which the defendant is charged, and of which he was convicted.

The court instructed the jury very fully, and no exception was taken to the fact that it had not instructed on all the law of the case. The instructions were very favorable to defendant.

The judgment was clearly for the right party, and is affirmed. BURGESS, J., concurs; SHERWOOD, J., absent.