State v. Muir.

STATE OF MISSOURI, Respondent, v. JAMES MUIR, Appellant.

**St. Louis Court of Appeals, January 2, 1901.**

Criminal Law: CITY ORDINANCE: PRACTICE AND PROCEEDINGS: PLEA IN BAR: FORMER CONVICTION: FORMER ACQUITTAL. An acquittal or conviction under a city ordinance is no bar to a prosecution for the same offense by the State.

Appeal from Audrain Circuit Court.—*Hon. E. M. Hughes,* Judge.

AFFIRMED.    *(Certified to the Supreme Court.)*

AGREED STATEMENT OF FACTS.

"The facts herein are agreed to be as follows, to-wit: Mexico is a city of the third class and is located in Audrain county, Missouri, and as such has authority under its charter to prohibit gambling within the corporate limits of the city, and in pursuance of said authority, an ordinance was duly enacted by said city prohibiting gambling and fixing as a punishment for the violation of said ordinance a fine of not less than $5 nor more than $100 for each offense. It is further agreed that on the seventh day of January, 1900, this defendant with others did, in the city of Mexico, play at a game of chance commonly called poker, with and by means of a deck of ordinary playing cards, a device adapted to playing poker, and other games of chance, and that said game of poker was played by defendant for money, property and gain. It is

further agreed that on the eighth day of January, 1900, this defendant was arrested by the marshal of said city, upon a warrant duly issued from the police court of said city, upon a complaint in due form filed in said police court charging this defendant with said offense of gambling, and that he was brought before L. N. Bass, the duly elected and acting police judge of said city, and was then and there charged with having violated said ordinance in this: That on the seventh day of January, 1900, he did, within the corporate limits of said city of Mexico, unlawfully play at a game of cards then and there for money, property and gain. It is further agreed that said L. N. Bass, as police judge of said city of Mexico, had jurisdiction both of the subject-matter and the person of this defendant. That this defendant did plead guilty to the said charge on the eighth day of January, 1900, and was then and there fined by the court the sum of $5 together with the costs of said prosecution. That this defendant on the said eighth day of January, 1900, did pay said fine of $5, together with all costs accruing therein, to-wit: $6.10, making a total paid by him and adjudged against him by the court of $11.10. It is further agreed that said ordinance was in full force and effect at all times and dates herein mentioned. It is further agreed that the grand jury of Audrain county for the June term of the Audrain Circuit Court, 1900, returned an indictment against this defendant charging him with the offense of gambling by playing at games of chance commonly called poker with and by means of a deck of ordinary playing cards, a device adapted to playing poker and other games of chance for money, property and gain. It is further agreed that the charge of gambling in the said indictment and upon which this defendant is now placed upon his trial is the same identical offense with which he was charged in the police court of said city of Mexico with having committed on the said seventh day of January, 1900, and to which he pleaded guilty and was

fined as hereinbefore set forth.    It is further agreed that the
two counts in said indictment charged but the one single
offense, which offense is the same offense to which this defend-
ant pleaded guilty in said police court.    That defendant has
been arraigned upon said indictment and entered his plea of
not guilty.    That he has filed in due form in this court his
plea in bar, setting out his former conviction and punishment.
And it is admitted by the State that said plea in bar is in due
form and no point is made by the State on its sufficiency as to
the facts pleaded or the manner of pleading the same.    It is
further agreed that no point is herein made by the State on
any informality or irregularity in the judgment or entry
thereof or any proceeding in said police court.

"And it is finally agreed that the foregoing facts be sub-
mitted to this court upon the sole issue as to whether or not
said conviction and punishment in said police court is a bar to
the prosecution of this defendant by the State of Missouri on
the indictment returned herein which said indictment charges
identically the same offense with which this defendant was
charged in said police court and to which charge and offense
he pleaded guilty and was punished by said city of Mexico as
hereinbefore stated.                    R. D. ROGERS,

"Prosecuting attorney of Audrain county, Missouri.
                                  " E. S. GANTT,
                          "Attorney for Defendant."


*E. S. Gantt* for appellant.


The courts of this State have always held that a conviction
in a municipal court is a bar to the subsequent prosecution by
the State for the same offense.    State v. Simonds, 3 Mo. 414;
State v. Cowan, 29 Mo. 330; State v. Thornton, 37 Mo. 361;
City of Pilot Grove v. McCormick, 56 Mo. App. 530; State
v. Freeman, 56 Mo. App. 579.    Prosecutions by a city are

not civil cases. They are civil in form only and of a quasi-criminal character. State v. Gordon, 60 Mo. 383; In re Miller, 44 Mo. App. 127; Kansas City v. Clark, 68 Mo. 588; Carrollton v. Rhomberg, 78 Mo. 547; City of St. Louis v. Schoenbusch, 95 Mo. 621. The municipality is the agent of the State and a prosecution by the city is a bar to a prosecution by the State for the same offense. Am. and Eng. Ency. of Law, p. 958; Lynch v. Commonwealth (Ky.), 35 S. W. 264.

*R. D. Rodgers* for respondent.

A proceeding to recover a penalty for the violation of a city ordinance is not a criminal, but a civil proceeding. City of St. Louis v. Knox, 74 Mo. 79; City of Kansas v. Clark, 68 Mo. 588; Ex parte Hallwedill, 74 Mo. 401; Piper v. City of Boonville, 32 Mo. App. 145; St. Louis v. Weitzel, 130 Mo. 612. In criminal cases the defendant must be present either in person or by agent or attorney in order that the trial may legally proceed; not so in case when municipal corporation is suing for penalty due for violation of ordinance. In re Miller, 44 Mo. App. 126; City of St. Louis v. Vert, 84 Mo. 209. The action is a civil, rather than a criminal one, for breach of a city ordinance, not a State law, and does not affect and is not affected by the State law against gambling. In criminal cases there can be no valid conviction and punishment unless there has been in arraignment and plea; not so in city case. City of St. Louis v. Knox, 74 Mo. 79. In the case of Coal Company v. City of St. Louis, 130 Mo. 330, the court, in discussing the power to prevent by injunction the enforcement of an invalid and void ordinance of the city of St. Louis, said: "The doctrine that criminal statutes can not be tested, or their enforcement restrained in the civil courts, has no application to this case. Municipal ordinances, though penal, are not criminal statutes. They are quasi criminal in form, but not so regarded in procedure."

State v. Muir.

BLAND, P. J.—The defendant filed a plea of his conviction in the municipal court in bar of the prosecution in the circuit court. On the agreed statement of facts the court found this plea insufficient, found the defendant guilty, and sentenced him to pay a fine. From this sentence he appealed.

The only error relied upon by appellant for a reversal of the judgment, is the finding by the court against the defendant on his plea in bar. In State v. Simonds, 3 Mo. 292, it was held that an individual who had been punished under the corporate authority of the city of St. Louis for keeping a roulette table, could not be indicted in the state courts for the same offense. In State v. Payne, 4 Mo. loc. cit. 378, it is said that the case against Simonds, supra, was a case of concurrent jurisdiction. In State v. Cowan, 29 Mo. 330, it was held that if a municipal corporation, being authorized thereto, should take cognizance of an act made an offense by its ordinances and punish one for the violation of the ordinance, a person thus punished could not be subjected to prosecution again under the general law of the State for the same offense. In State v. Thornton, 37 Mo. 360, the cases of State v. Simonds, and State v. Cowan are cited and followed. In the city of Pilot Grove v. McCormick, 57 Mo. App. loc. cit. 534, the Simonds, Cowan and Thornton cases were cited and followed by the Kansas City Court of Appeals. In the same volume, page 579, in the case of State v. Freeman, the same court held that "when a defendant has been, under due form of law, convicted in either municipal or state court of assault and battery, he could not again be convicted of the same offense in the other. In the City of St. Louis v. Caffaratta, 24 Mo. 94, the defendant was convicted for the violation of a city ordinance of the city of St. Louis for keeping open his place of business on Sunday after the hour of nine o'clock a. m. The statute law on the same subject permitted the sale of necessaries by one following the occupation of defendant, during any hour of the

day on Sunday, and it was held he was amenable to both laws. State v. Wister, 62 Mo. 592. It was held that the city of Chillicothe (incorporated) did not have exclusive jurisdiction over the offense of keeping a bawdy house, and that a plea of *autrefois convict,* which failed to allege that the offense of which the defendant was convicted before the recorder (of Chillicothe) was identical with the offenses charged in the indictment, was bad. The Caffaratta case is not opposed to State v. Simonds, and the other cases, supra, following it, for the offense defined by the ordinance for a violation of which Caffaratta was convicted, was not the identical offense of which he was indicted; evidence that he kept his place of business open after nine a. m. on Sunday, for any purpose, would warrant his conviction, under the ordinance. While evidence that he kept open after nine a. m. for the purpose of selling necessaries for daily use would not show a violation of the state statute and evidence that he kept open before nine a. m. to sell goods generally would be a violation of the statute, but not a violation of the city ordinance. But for the opinion of GANTT, P. J., in State v. Gustin, 152 Mo. 108, we would have no difficulty in following the decision of the Supreme Court and in holding that a conviction of a violation of a municipal ordinance, is a bar to a prosecution by indictment or information under the State law for the same offense. Gustin was indicted for a felonious assault on one Harter. He pleaded in bar of the prosecution his plea of guilty and conviction before the mayor of Plattsburg for assaulting and beating Harter, contrary to an ordinance. It was admitted by the State that the assault charged in the indictment was the same to which defendant had pleaded guilty in the mayor's court. The plea in bar was submitted to the court sitting as a jury, who found the plea was no bar. In his discussion of the question, the learned presiding judge arrived at the conclusion that section 3951, Revised Statutes 1899, and the constitu-

tional provision in respect to the same matter, applied only to public crimes, and cited Ex parte Hollwedell, 74 Mo. 394, as holding that a violation of a city ordinance is not a public crime within the meaning of the Constitution. And he asks this pertinent question in respect to the conviction before the mayor "Can it (the conviction) be said to be a bar to the State to prosecute for a violation of its criminal laws?" Then, after discussing another feature of the case, conclusive by this statement: "But the plea before us does not raise that question, and it is better to decide cases upon the record and not anticipate or speculate upon matters outside. This plea does not set out any ordinance which was violated by defendant and we can not take judicial note thereof. As it stood in the circuit court and as it appears in the record, the plea was properly overruled." This concluding clause in the discussion of the question relieves us of the controlling influence of the discussion of the point involved in the case in hand. But the argument of the learned presiding justice against the availability of a plea of "convict" for the violation of a city ordinance, as a bar to a prosecution by the State for the same offense is unanswerable, in the light of the cases of Kansas City v. Clark, 68 Mo. 598, and Ex parte Hollwedell, 74 Mo. loc. cit. 401, which hold that the violation of a town ordinance is not a crime. And of the cases, St. Louis v. Knox, 74 Mo. 79, and St. Louis v. Wetzell, 130 Mo. 600, holding that a prosecution for violation of a city ordinance is a civil action. The legal effect of these cases is to undermine and uproot the decision in State v. Simonds and State v. Cowan and State v. Thornton. For if the violation of a city ordinance is not a crime, and the proceeding for its violation is a civil action, then it follows that a plea of conviction of the violation of such ordinance, is not a plea of conviction of a crime, and can not be interposed as a plea in bar of a prosecution by indictment or information for the commission of a crime,

although both the ordinance and the statute were violated by the same act. A plea in bar must allege that the offense (crime) of which he was convicted is identical with the one, for a violation of which he is being proceeded against. This he can not do when the conviction pleaded was for violation of a city ordinance—there is no identity of offenses—within the meaning of the law. This seems to us the logical conclusion to be drawn from the latter case, supra.

The decisions outside of our own State are, on this question, inharmonious, but the weight of authority elsewhere seems to favor the rule that an acquittal or conviction under a city ordinance is no bar to a prosecution for the same offense by the State (See 2 Am. and Eng. Ency. of Law, page 958 and note). For the reasons herein stated, we affirm the judgment. One of the judges of this court, being of the opinion that this decision is opposed to State v. Simonds, State v. Cowan and State v. Thornton, requests the the cause be certified to the Supreme Court, which is accordingly done.