## STATE V. CADDY.

1. An acquittal on trial of an indictment under Comp. Laws, § 6491, charging an assault on a certain person with a deadly weapon with intent to rob, is not a bar to a conviction under Section 6481 on an indictment charging robbery in taking money from such person against his will, by force.

2. Where accused attempts to impeach the prosecuting witness by showing contradictory statements out of court, the state may show in rebuttal that just after the transaction, and before the contradictory statements were made, the witness made statements as to the transaction consistent with his testimony at the trial.

(Opinion filed October 2, 1901.)

Error in circuit court, Lawrence county. HON. JOSEPH B. MOORE, Judge.

Herbert D. Caddy was, convicted of robbery, and he brings error. Affirmed.

*Frawley & Laffey,* for plaintiff in error.

*John L. Pyle,* Attorney General, and *S. C. Polly,* States Atnorney, (*W. G. Rice,* of counsel), for the state.

The facts are stated in the opinion.

CORSON, J. At the February term, 1900, of the circuit court of Lawrence county, the defendant was indicted for the crime of robbery. The indictment charges that the plaintiff in error and one Thomas Carberry on the 29th of October, 1899, did unlawfully, wrongfully, and feloniously take and carry away from the person of Michael R. Russell the sum of $5, and that said taking was accomplished by means of force and putting the said Russell in fear of an immediate and unlawful injury to his person. To this indictment the defendant entered the plea of not guilty, and also pleaded that he had been acquitted upon the trial of an indictment charging

him with an assault with intent to commit a felony, other than an assault with intent to kill, and adding thereto the usual allegations that the parties named in the two indictments were the same, and that the transaction upon which the second indictment was based was the same identical transaction as the one upon which the former indictment was based, and that the proof to sustain the indictment to which the plea was interposed would be identically the same as that given in support of the former indictment. To this plea of former acquittal the state interposed a demurrer, except to the portion of the plea alleging that the evidence would be the same, which allegation was denied. The court sustained the demurrer, and the plaintiff in error was thereupon tried upon the indictment for robbery and convicted, and has brought the case to this court by writ of error.

The principal question presented to this court for review is as to the rulings of the court in sustaining the demurrer to the plea of former acquittal. The indictment under which the plaintiff in error was tried and convicted was based upon Section 6481 Comp. Laws, which reads as follows : "Robbery is a wrongful taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." The indictment under which he was tried and acquitted was based upon Section 6491, Comp. Laws, which reads as follows : "Every person who shoots or attempts to shoot at another with any kind of fire arm, air gun, or other means whatever, or commits any assault or battery upon another by means of any deadly weapon, or by such other means or force as was likely to produce death, with intent to commit a felony other than assault with intent to kill, or in resisting the execution of any legal process, is punishable by imprisonment in the state prison not exceeding ten years." It is contended on the part of the plaintiff in error that, having been acquit-

ted of the offense charged in the former indictment, he could not, under the constitution of this state, again be tried upon the second indictment, and that the court therefore erred in sustaining the demurrer of the state to his plea in bar. Section 9, Art. 6, of the constitution of this state, reads as follows: "No person shall be compelled, in any criminal case, to give evidence against himself or to be twice put in jeopardy for the same offense." A similar provision is found in all or nearly all of the constitutions of the several states, and the decisions construing the same are very numerous and somewhat conflicting, and we shall not attempt to review them in this opinion. The rule applicable to this class of cases, in our opinion, is clearly stated by GRAY, J., speaking for the supreme court of Massachusetts, in Morey v. Com., 108 Mass. 433. He says: "A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other. The test is not whether the defendant has alreay been tried for the same act, but whether he has been put in jeopardy for the same offense. A single act may be an offense against two statutes, and, if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." In People v. Bentley, 77 Cal. 7, 18 Pac. 799, 11 Am. St. Rep. 225, the defendant was tried and convicted of an assault with a deadly weapon under an information charging him with an assault with intent to commit murder. He was afterwards indicted for an attempt to commit robbery and upon that indictment he sought to prove that he had been convicted of the former offense, as a bar to the action, but the trial court excluded this evidence. It seemed to have been assumed in the opinion of the ap-

pellate court that the parties were the same, and that the acts constituting the two offenses were substantially the same, and were sustained by substantially the same evidence, but the ruling of the court below was sustained by the supreme court. In the opinion the court says: "The evidence offered tended to show that he had been convicted of an assault with a deadly weapon under an information charging an assault with intent to commit murder. It is plain that the defendant had not formerly been convicted of an offense for which he could have been or was tried and convicted on the information charging the offense of which he here stands convicted. 'It is believed that no well-considered case can be found where a putting in jeopardy for one act, or a conviction for one act, was held to bar a prosecution for another separate and distinct one, merely because they were so closely connected in point of time that it is impossible to separate the evidence relating to them.' Teat v. State, 53 Miss. 456, 24 Am. Rep. 708. According to the testimony in this case, the first thing done by the defendant and his confederate was an attempt to intimidate and rob. The next was an attack with a deadly weapon. It cannot be law that a man having assaulted another with a deadly weapon, and having also attempted before that to rob him, can escape punishment for the attempt to rob because of a conviction for assault with a deadly weapon. If the offenses do not possess the same elements, although both relate to the same transaction, it would seem that both may be punished. This view of the law seems to have been taken by the supreme court of this state in the case of People v. Majors, 65 Cal. 138, 3 Pac. 597, 52 Am. Rep. 295, where many authorities bearing upon the matter in hand are cited and discussed. The offense of which the defendant was first convicted was an effort to injure the person of the prosecutor with a deadly weapon. That of which he was last convicted was an at-

tempt to take away the goods of the prosecutor from his person by intimidation or violence. The essential elements of the two offenses are not the same." In State v. Elder, 65 Ind. 282, 32 Am. Rep. 69, the supreme court of that state, in discussing the question we are now considering, says: "The English rule is that, when the facts necessary to convict upon the second prosecution would necessarily have convicted on the first, a final judgment on the first prosecution will be a bar to the second; but, if the facts which will convict on the second prosecution would not necessarily have convicted on the first, then the first will not be a bar to the second, although the offenses charged may have been committed by the same state of facts; and we believe this rule is valid in all the states of the Union." The court in its opinion further says: " But when the same facts constitute two or more offenses, wherein the lesser offense is not necessarily involved in the greater, and when the facts necessary to convict on the second prosecution would not necessarily have convicted on the first, then the first prosecution will not be a bar to the second, although the offenses were both committed at the same time and by the same act." This is cited with approval by the supreme court of California in the case of People v. Majors, *supra.* In the case of Com. v. Roby, 12 Pick. 496, SHAW, C. J., says: "It must therefore appear to depend upon the facts so combined and charged as to constitute the same legal offense or crime. It is obvious, therefore, that there may be a great similarity in the facts where there is a substantial legal difference in the nature of the crimes; and, on the contrary, there may be considerable diversity of circumstances where the legal character of the offense is the same—as where most of the facts are identical, but by adding, withdrawing, or changing some one fact the nature of the crime is changed; as where one burglary is charged as a burglarious breaking and stealing of certain goods,

and another is a burglarious breaking with intent to steal. These are distinct offenses. Rex v. Vandercomb, 2 Leach, 708. So, on the other hand, where there is a diversity of circumstances, such as time and place, where the time and place are not necessary ingredients in the crime, still the offenses are to be regarded as the same. In considering the identity of the offense, it must appear by the plea that the offense charged in both cases was the same in law and in fact. The plea will be vicious if the offenses charged in the two indictments be perfectly distinct in point of law, however nearly they may be connected in fact." Further along in the opinion the learned judge says: "Unless the first of the two indictments was such as the prisoner might have been convicted upon by proof of the facts contained in the second, an acquittal or conviction on the first can be no bar to the second." As bearing upon this subject, see State v. Stewart (Or.) 4 Pac. 128; State v. Gapen, (Ind.) 45 N. E. 678; Hillands v. Com. (Pa.) 6 Atl. 267; State v. Magone (Or.) 56 Pac. 648; State v. Reiff, (Wash.) 45 Pac. 318; State v. Gustin, 152 Mo. 108, 53 S. W. 421; Taylor v. State (Tex.) 55 S. W. 961; Ford v. State (Tex.) 56 S. W. 918; Wallace v. State (Fla.) 26 South. 713; Burks v. State (Tex.) 6 S. W. 300; Teat v. State, 53 Miss, 439, 24 Am. Rep. 708; Sections 7308-7311, Comp. Laws.

It will be observed in the case at bar that the two indictments are based upon two distinct and independent statutes, and that the offenses charged are of an essentially different character. In the indictment upon which the plaintiff in error was convicted he is charged with the crime of robbery, in taking from the person of Michael R. Russell, in his immediate presence and against his will, by means of force and fear, a certain sum of money. No assault is charged in the indictment, nor was it essential to prove an assault with a deadly weapon in order to secure the conviction of the accused. In the

former indictment, upon the trial of which he was acquitted, he is charged with assault and battery committed upon the person of Michael R. Russell by means of a deadly weapon, with intent to rob him. It is quite certain under that indictment the plaintiff in error could not have been convicted of the crime of robbery. It is strenuously contended on the part of the plaintiff in error that the offense of an assault with intent to rob is necessarily included in the indictment for robbery and that had he been properly tried under that indictment he might have been acquitted of the crime of robbery, but convicted of an assault with intent to rob, under the provisions of Section 7429, Comp. Laws, which reads as follows: "The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment, or with an attempt to commit the attempt [offense]." But we are of the opinion that this view cannot be sustained, for, as before stated, no assault is charged in the indictment, and none seems to be necessary to constitute the offense. But in the indictment for an assault with intent to commit felony it is essential that the assault not only be alleged, but it must be alleged as having been committed by the use of a deadly weapon, or by means likely to produce death, or the assault must have been made while resisting the execution of legal process. It will be seen that the offenses charged in the two indictments we are considering not only arose under different statutes, but that each statute requires proof of an additional fact which the other does not. Under the former indictment proof of an assault with a dangerous weapon, or by means likely to produce death, or that the assault was made while resisting the execution of legal process, was essential and necessary in order to convict the defendant, but it was not necessary to prove that he actually committed the offense of robbery, while in the indictment un-

der which he was convicted it was essential to alledge and necessary to prove that he actually committed the offense of robbery by taking something of value from the person or in the presen^ of the party against his will, accomplished by means of force or fear. In other words, as said by the court in People v. Bently, *supra,* one statute provides punishment for an assault upon the person, and the other for taking personal property wrongfully from the person or from his immediate presence. It is scarcely necessary to state that for the purpose of this plea it is, immaterial whether the plaintiff in error was acquitted or convicted under the former indictment, as the same rule applies to either case. Section 7310, Comp. Laws. After a careful examination of this question, we are of the opinion that the court was clearly right in sustaining the demurrer of the state to the plea of the plaintiff in error interposed in this case.

The record presents another important question for our decision. On the trial Michael R. Russell, the prosecuting witness, was asked on cross-examination if he had not stated after the alleged robbery, to certain persons named in the question, that he could not identify the persons who committed the robbery; and he partially admitted that he had done so, stating his reasons therefor. The accused thereupon introduced witnesses who testified that said Russell had made contradictory statements out of court, as to which he had been interrogated. The state, in rebuttal, over the objection of counsel for defendant, proved by said Russell and other persons that prior to the declarations made by him called out by his cross-examination, he had stated that he did recognize the persons charged with the robbery as the parties who committed the same. The evidence tended to prove that these declarations of the witness made in corroberation of the testimony given by him on the trial were made on the morning or the forenoon of the alleged robbery, and prior to

the statements called out on the cross-examination. The plaintiff in error contends that the admission of the evidence of the prosecuting witness on his re-examination by the state, and the evidence given by the witnesses called by the state to prove the making of such statements, constitute error for which he is entitled to a new trial. It is undoubtedly true that this evidence could not have properly been admitted had it been offered by the state in making out its case in chief, but an exception seems to have been recognized and such evidence admitted when it is offered in rebuttal of evidence called out on cross-examination, tending to prove that a witness has made statements out of court contradicting those made by him on the trial. The authorities are not in harmony upon this question; the courts of some states holding that such evidence is admissible, while in others the contrary doctrine prevails. The courts of Tennessee, Indiana, Maryland, Massachusetts, Pennsylvania, and the supreme court of the United States hold such evidence admissible. Glass v. Bennett, 89 Tenn. 481, 14 S. W. 1085; Com. v. Wilson, 1 Gray, 337; Com. v. Jenkins, 10 Gray, 485; Thompson v. State, 38 Ind. 39; Coffin v. Anderson, 4 Blackf. 398; Cooke v. Curtis, 6 Har. & J. 93; Parker's Lessee v. Gonsalus, 1 Serg. & R. 536; Henderson v. Jones, 10 Serg. & R. 322; Conrad v. Griffy, 11 How. 480, 13 L. Ed. 779. In discussing this question the supreme court of Tennessee, in Glass v. Bennett, *supra,* lays down the rule as follows: "The rule is that when it is attempted to be established that the statement of a witness on oath is a recent fabrication, or when it is sought to destroy the credit of the witness by proof of contradictory representations, evidence of his having given the same account of the matter at a time when no motive existed to misrepresent the facts ought to be received, because it naturally tends to inspire confidence in the sworn

statement." Hayes v. Cheatham, 6 Lea, 10. In Conrad v. Griffy, supra, the supreme court of the United States, after reviewing the authorities, uses the following language: "In this court it has been held that such evidence is not admissible if the statements were made subsequent to the contradictions proved on the other side. Ellicot v. Pearl, 10 Pet. 412, 438, 9 L. Ed. 475. So far as regards principle, one proper test of the admissibility of such statements is that they must be made at least under circumstances when no moral influence existed to color or misrepresent them. 1 Greenl. Ev. § 469; 2 Poth. Obl. 289; 1 Starkie, Ev. 148; 1 Phil. Ev. 308. But when they are made subsequent to other statements of a different character as here, it is possible, if not probable, that the inducement to make them is for the very purpose of counteracting those first uttered. 10 Pet. 440, 9 L. Ed. 475. This impairs their force and credibility, when, if made before the others, they might tend to sustain the subsequent evidence corresponding with them. Robb v. Hackley, 23 Wend. 52; 2 Phil. Ev. 446; 1 Greenl. Ev. § 469." The same qualification is made by the supreme court of Maryland, and we think it a proper qualification in this class of cases. It seems to us proper that, when it is sought to impeach the testimony of a witness by showing that he has made contradictory statements out of court, the party calling such witness should have the right to show that very recently after the transaction, and before such contradictory statements were made, he made statements as to the transaction consistent with the evidence given by him on the trial. The evidence introduced in this case on the part of the state comes clearly within this rule, and we are of the opinion that the court committed no error in admitting it.

The judgment of the court below is affirmed.