State v. Muir.

## THE STATE v. MUIR, Appellant.

Division Two, November 12, 1901.

Criminal Law: PRIOR JEOPARDY: CONVICTION UNDER MUNICIPAL ORDINANCE. A conviction under a city ordinance is not a bar to a prosecution for the same act based on a State statute, the prosecution under the ordinance being a mere civil proceeding.

Transferred from St. Louis Court of Appeals.

AFFIRMED.

*E. S. Gantt* for appellant.

The courts of this State have always held that a conviction in a municipal court is a bar to the subsequent prosecution by the State for the same offense. State v. Simonds, 3 Mo. 414; State v. Cowan, 29 Mo. 330; State v.Hannah Thornton, 37 Mo. 361; Pilot Grove v. Frank McCormick, 56 Mo. App. 530; State v. Freeman, 56 Mo. App. 579. Prosecutions by a city are not civil cases. They are civil in form only and of a quasi criminal character. State v. Gordon, 60 Mo. 383; In re Miller, 44 Mo. App. 127; Kansas City v. Clark, 68 Mo. 588; Carrollton v. Rhomberg, 78 Mo. 547; St. Louis v. Schoenbusch, 95 Mo. 621. The municipality is the agent of the State and a prosecution by the city is a bar to a prosecution by the State for the same offense. Am. and Eng. Ency. of Law, 958; Lynch v. Commonwealth (Ky.), 35 S. W. 264; 1 Dillon's Mun. Corp. (4 Ed.), secs. 367 and 368; secs. 5835, 5843, R. S. 1899.

*Edward C. Crow,* Attorney-General, for the State, with whom is *R. D. Rodgers.*

A crime is defined by our courts to be "An act committed in violation of the public law—a law co-extensive with the boundaries of the State which enacts it." Kansas City v. Clark, 68 Mo. 588; Ex parte Holworth, 74 Mo. 395; State v. Gustin, 152 Mo. 108; St. Louis v. Burke, 84 Mo. 204. "A violation of a city ordinance is not a criminal offense within the meaning of the Constitution, and a proceeding by a city to recover a fine for a violation of such ordinances, need not be by indictment or even in the name of the State." Kansas City v. Neal, 122 Mo. 234. These facts being true, then, a prosecution by a city under the city ordinances could not be a conviction for the same offense. The rule is "the former acquittal or conviction must have been the same identical act or crime." 4 Black. Com., p. 336; 1 Chitty, Crim. Law, 452. If a violation of a city ordinance is not a crime within the meaning of the Constitution, or a criminal offense within the meaning of the Constitution, then a conviction under a city ordinance could not be pleaded in bar to a prosecution under the statutes. As a crime is a violation of the public law the term does not include a mere breach of corporate ordinances. 8 Am. and Eng. Ency. of Law (2 Ed.), p. 252; Railroad v. Harris, 12 Colo. 226; Macinnary v. Denver, 17 Colo. 302; Williams v. Augusta, 4 Ga. 513; Naylor v. Galesburg, 56 Ill. 285; Wiggins v. Chicago, 58 Ill. 372; State v. Henchert, 42 La. Ann. 271; Monroe v. Menser, 35 La. Ann. 1193; Cooper v. People, 41 Mich. 403; People v. Jackson, 8 Mich. 110; People v. Maurster County, 26 Mich. 424; Jackson v. People, 8 Mich. 262.

### AGREED STATEMENT OF FACTS.

The facts herein are agreed to be as follows, to-wit: Mexico is a city of the third class and is located in Audrain county, Missouri, and as such has authority under its charter to prohibit gambling within the corporate limits of the city, and in pursuance of said authority an ordinance was duly enacted by said city prohibiting gambling and fixing as a punishment for the violation of said ordinance a fine of not less than $5 nor more than $100 for each offense. It is further agreed that on the seventh day of January, 1900, this defendant with others did, in the city of Mexico, play at a game of chance commonly called poker, with and by means of a deck of ordinary playing cards, a device adapted to playing poker and other games of chance, and that said game of poker was played by defendant for money, property and gain. It is further agreed that on the eighth day of January, 1900, this defendant was arrested by the marshal of said city upon a warrant duly issued from the police court of said city upon a complaint in due form filed in said police court charging this defendant with said offense of gambling, and that he was brought before L. N. Bass, the duly elected and acting police judge of said city, and was then and there charged with having violated said ordinance in this: That on the seventh day of January, 1900, he did, within the corporate limits of said city of Mexico, unlawfully play at a game of cards then and there for money, property and gain. It is further agreed that said L. N. Bass, as police judge of said city of Mexico, had jurisdiction both of the subject-matter and the person of this defendant. That this defendant did plead guilty to the said charge on the eighth day of January, 1900, and was then and there fined by the court the sum of $5, together with the costs of said prosecution. That this defendant on the said eighth day of January, 1900, did pay said

fine of $5, together with all costs accruing therein, to-wit, $6.10, making a total paid by him and adjudged against him by the court of $11.10. It is further agreed that said ordinance was in full force and effect at all times and dates herein mentioned. It is further agreed that the grand jury of Audrain county for the June term of the Audrain Circuit Court, 1900, returned an indictment against this defendant charging him with the offense of gambling by playing at a game of chance commonly called poker with and by means of a deck of ordinary playing cards, a device adapted to playing poker and other games of chance for money, property and gain. It is further agreed that the charge of gambling in the said indictment and upon which this defendant is now placed upon his trial is the same identical offense with which he was charged in the police court of said city of Mexico with having committed on the said seventh day of January, 1900, and to which he pleaded guilty and was fined as hereinbefore set forth. It is further agreed that the two counts in said indictment charged but the one single offense, which offense is the same offense to which this defendant pleaded guilty in said police court. That defendant has been arraigned upon said indictment and entered his plea of not guilty. That he has filed in due form in this court his plea in bar setting out his former conviction and punishment. And it is admitted by the State that said plea in bar is in due form and no point is made by the State on its sufficiency as to the facts pleaded or the manner of pleading the same. It is further agreed that no point is herein made by the State on any informality or irregularity in the judgment or entry thereof or any proceeding in said police court. And it is finally agreed that the foregoing facts be submitted to this court upon the sole issue as to whether or not said conviction and punishment in said police court is a bar to the prosecution of this defendant by the State of Missouri on the indictment returned herein

which said indictment charges identically the same offense with which this defendant was charged in said police court and to which charge and offense he pleaded guilty and was punished by said city of Mexico as hereinbefore stated.

SHERWOOD, P. J.—Prosecuted by indictment, under the statute for gaming, defendant entered a plea of *autre fois convict,* to the effect that he had been previously convicted of the same offense under an ordinance of the city of Mexico, which that city had power to pass, which said ordinance forbade any one to play poker, etc., under a penalty and limit of not less than $5 nor more than $100; that defendant appeared before the police judge of the city and pleaded guilty of violating such ordinance and was thereupon fined in the sum of $5, which sum and costs defendant afterwards paid.

An agreed statement of facts was filed by the parties to the record in the circuit court, which statement accompanies this opinion and shows that defendant had pleaded guilty in the police court, and was then being prosecuted under the pending indictment for playing the same game of poker. On this basis of fact, the trial court found in favor of the State and against the plea in bar, and defendant appeals.

The sole issue thus raised before the trial court was, whether a conviction under a city ordinance of an offense would be a bar against a prosecution for the same *act* under a statute of this State. The pertinency of the italicization of the word act, will presently appear.

It is apparent from the case of State v. Simonds, 3 Mo. 292, and other cases which followed in its wake, cited in the opinion of BLAND, P. J., where the judgment of the lower court was affirmed, that such a plea as here discussed, would, under those rulings, have been successful. But later rulings of this court have thrown a different light on the subject of the

nature of a city ordinance, and thus caused doubt to arise as to the correctness of our former rulings.

Kansas City v. Clark, 68 Mo. 588, was the John the Baptist to make the initial announcement in this State, that violation of a city ordinance was not a crime; this court there saying: "Nor do we regard the violation of the ordinance under consideration as a crime, since 'a crime is an act committed in violation of public law' (4 Black. Com. 5), a law co-extensive with the boundaries of the State which enacts it. Such a definition is obviously inapplicable to a mere local law or ordinance passed in pursuance of, and in subordination to, the general or public law for the promotion or the preservation of peace and good order in a particular locality, and enforced by the collection of a pecuniary penalty." These utterances were approvingly quoted and followed in Ex Parte Hollwedell, 74 Mo. 395 (where habeas corpus was held the proper remedy to determine the constitutionality of an ordinance of the city of St. Louis, though afterwards, in Ex parte Boenninghausen, 91 Mo. 301, it was ruled that habeas corpus would not lie to test the constitutionality of a municipal ordinance). In City v. Knox, 74 Mo. 79, a similar ruling was made as to the non-criminal nature of a prosecution for violation of a city ordinance. To like effect is St. Louis v. Weitzell, 130 Mo. 600.

These deliverances of this court thus establishing that a prosecution under a city ordinance was but a civil action, necessarily precluded the idea of a conviction of violating such ordinance from being pleaded in bar of a prosecution by the State of a crime based on a violation of a State statute, which prosecution rests on the same foundation of *fact* as did the act for doing which the city first moved against the defendant. In a plea in bar to the prosecution of the State, the defendant must allege and prove that he is prosecuted for the *same crime* of which he had been *autre fois convict, or autre fois acquit,* in

a prior prosecution by the city. But this he can not prove, if the proceeding instituted by the city was but a *civil action*.

These features were well presented by GANTT, P. J., in State v. Gustin, 152 Mo. 108, where, although the point under discussion was not directly presented or decided, yet the reasoning in that case, which the St. Louis Court of Appeals followed, inevitably led to the result announced by that court. And on this point it is said by an eminent author: "Indeed, an act may be a penal offense under the laws of the State, and further penalties, under proper legislative authority, be imposed for its commission by municipal by-laws, and the enforcement of the one would not preclude the enforcement of the other." [Cooley's Const. Lim. (6 Ed.), p. 239, and cases cited.] This, he says, is the clear weight of authority, though the decisions are not uniform.

For these reasons the judgment of the St. Louis Court of Appeals is affirmed. All concur.