CITY OF LEBANON, Appellant, v. WILLIAM GOR-
DON, Respondent.

St. Louis Court of Appeals, March 3, 1903.

1. Cities of the Fourth Class: POWER TO PASS ORDINANCE
AGAINST DRUNKENNESS: STATUTORY CONSTRUCTION.
Under the provisions of section 5957, Revised Statutes 1899, the
mayor and the board of aldermen of a city of the fourth class
have power to pass an ordinance making it a misdemeanor for one
to exhibit himself in a public place in such city in a drunken
condition.

2. ———: ———: ———. Acquittal or conviction under a city
ordinance is no bar to a prosecution for the same offense by the
State; and vice versa, a conviction or acquittal under a State law
is no bar to a prosecution for the same offense by a city.

Appeal from Laclede Circuit Court.—*Hon. L. B.
Woodside,* Judge.

REVERSED AND REMANDED.

STATEMENT.

The plaintiff filed the following complaint before
John A. Pond, police judge, of the city of Lebanon (a
city of the fourth class), to-wit:

"The City of Lebanon, Missouri, plaintiff, v. Wil-
liam Gordon, defendant.

"John Curn, being duly sworn, on oath states that
William Gordon, on or about the 27th day of July, 1901,
and within the corporate limits of the said city of Leb-
anon, did then and there unlawfully and willfully vio-
late sections 1 and 28 of ordinance No. 172, entitled and
concerning misdemeanors, by then and there violating
section 1 of said ordinance 172 by then and there be-
ing drunk and intoxicated upon the streets and public
places of the said city of Lebanon, Missouri.

"This affiant further states that the said William Gordon, on the said date and within the said corporate limits of the said city of Lebanon, Missouri, did then and there unlawfully and willfully violate section 28 of said ordinance 172, by then and there disturbing the peace of a neighborhood of said city of Lebanon by loud and unusual noise, and by loud, offensive and indecent conversation, and by threatening, and by quarreling, and by challenging.

"This affiant further states that the said neighborhood was near the principal business part of the said city, being on and near Commercial street, in said city, and near the block in which the postoffice is situated and kept; contrary to said ordinance made and provided, and against the peace and dignity of the said city of Lebanon.

(Signed)                    "JOHN CURN.

"John Curn makes oath and says that the facts and allegations contained in the foregoing complaint are true, according to the best knowledge, information and belief of affiant.

"Subscribed and sworn to before me this 16th day of August, 1901.            "J. A. POND,

"Police Judge, city of Lebanon, Mo."

A trial was had before the justice resulting in a conviction and a fine of one dollar from which defendant appealed to the circuit court.

After the cause reached the circuit court, defendant moved the court to quash the complaint assigning the following grounds therefor:

"First.   Because the defendant is prosecuted upon a criminal information for a misdemeanor, before a police judge, and a city of the fourth class has no authority to institute criminal proceedings or prosecute a person for a criminal offense.

"Second.   Because the defendant is accused, in said complaint, with being intoxicated, or drunk, and drunkenness is not an offense except as defined by the

statute, and the complaint in this case did not define an offense, under the law.

"Third. Because the said complaint charges defendant with a misdemeanor in disturbing the peace of a neighborhood in said city of Lebanon, and said charge is in the language of the statute defining a misdemeanor by disturbing the peace, and such offenses are triable alone on indictments or information, in the justices' courts or circuit courts of the State, and said police judge had no authority to try the same.

"Fourth. Because the offenses with which the defendant is charged in said complaint, if offenses, are misdemeanors as defined by the statute, and can only be tried upon an information or indictment, and the police judge of the city of Lebanon had no authority to try said cause.

"Fifth. Because there is no authority in the statute for the passage of ordinance No. 172."

The court sustained the motion to quash, discharged the defendant and entered up judgment for costs against the city. Plaintiff filed timely motions for new trial and in arrest of judgment which were by the court overruled. Plaintiff duly appealed.

*J. P. Nixon* and *J. D. Bonar* for appellant.

(1) The State Legislature of Missouri has not yet passed a general statute punishing public drunkenness. There can be no doubt of its power to do so, and consequently it may delegate such power to cities and towns. Gallatin v. Tarwater, 140 Mo. 405. Drunkenness, or intoxication, in itself, in a public place, is held to be an offense. Cooley Bl. Comm. (3 Ed.), bk. 1, p. 123; Cooley Bl. Comm., bk. 4, p. 63. (2) A municipal corporation is a subordinate branch of the domestic government of the State. Kansas City v. Vineyard, 128 Mo. 75. It has political and legislative powers and the power of local government is its distinguishing feature and its distinctive purpose. Ibid.

(3)   The complaint in this case contained two counts, and that charging defendant Gordon with disturbing the peace by loud and unusual noise was within the legislative powers of the mayor and board of aldermen, a long array of authorities need not here be cited. (4)   The fact that the State has by statute made a misdemeanor of disturbing the peace does not oust the city of jurisdiction.   De Soto v. Brown, 44 Mo. App. 148; Plattsburg v. Trimble, 46 Mo. App. 459; St. Louis v. Schoenburch, 95 Mo. 618.

No brief for respondent.

BLAND, P. J.—1.   The circuit court seems to have been of the opinion that a city of the fourth class is without power to pass an ordinance making it a misdemeanor for one to exhibit himself in a public place in a city in a drunken condition, for the reason that the Legislature had not seen fit to make it an offense against the State for one to publicly exhibit himself while in such condition.

Section 5957, Revised Statutes 1899, among other powers confers upon the mayor and board of aldermen of a city of the fourth class power to "enact and ordain any and all ordinances not repugnant to the Constitution and laws of this State, and such as they shall deem expedient for the good government of the city, the preservation of peace and good order," etc.

In Green City v. Holsinger, 76 Mo. App. 1. c. 569, the Kansas City Court of Appeals, speaking through ELLISON, J., said: "That drunkenness in the public places of a municipality is a matter of police regulation there can be no doubt.   The mere fact that the power to suppress drunkenness is specifically stated in some charters, does not signify that it is not embraced in the general provision as to police power contained in charters which make no specific mention of such offense."

In the City of Gallatin v. Tarwater, 143 Mo. l. c. 45, the Supreme Court said: "The exhibition of one's self in a condition tending in and of itself to degrade the public morals, to annoy and inconvenience the citizens in the discharge of their daily duties, and to destroy the peace, comfort and good order and well-being of society, is an offense, which is the proper subject of police regulation and has been so regarded both in this country and England, ever since the reign of James the first," citing many authorities.

Such being the case there can be no doubt of the authority of the mayor and board of aldermen of a city of the fourth class to pass an ordinance to punish the offense under the general power to pass such ordi-nances as "shall be deemed expedient for the good government of the city, the preservation of peace and good order," etc.

2.  The third ground of the motion to quash would deny to cities of the fourth class power to punish for the commission of any misdemeanor which was at the same time punishable under the laws of the State. This is not the law and never has been in this State. City of St. Louis v. Schoenbusch, 95 Mo. 618; State ex rel. v. Walbridge, 119 Mo. 383. On the contrary, the law is that an acquittal or conviction under a city ordi-nance is no bar to a prosecution for the same offense by the State, and vice versa a conviction or acquittal under a State law is no bar to a prosecution for the same offense by a city. State v. Muir, 86 Mo. App. 642, approved in 164 Mo. 610.

The judgment is reversed and the cause remanded. All concur.