CITY OF ST. LOUIS (Plaintiff), Appellant,

v.

Harry MUELLER (Defendant), Respondent.

No. 29803.

St. Louis Court of Appeals.

Missouri.

May 6, 1958.

James V. Frank, City Counselor, Thomas F. McGuire, Associate City Counselor, James J. Gallagher, Asst. City Counselor, St. Louis, for appellant.

Herman D. Olian, Louis E. Zuckerman, St. Louis, for respondent.

ANDERSON, Judge.

This is an appeal by the City of St. Louis, as plaintiff, from an order and judgment of the St. Louis Court of Criminal Correction sustaining defendant's plea in abatement.

The defendant was charged in the St. Louis City Court with violation of Section 38 of Chapter 46 of the Revised Ordinances of the City of St. Louis. Said section provides: "Any person who shall, in this city, exhibit, sell or offer to sell any indecent or lewd book, picture or other thing, or shall exhibit or perform, or permit to be exhibited or performed, upon premises under his management or control, any indecent, immoral or lewd play or other representation shall be deemed guilty of a misdemeanor." It was averred in the report of the Chief of Police, upon which report said prosecution was had, that the defendant violated said ordinance in that he: "In the City of St. Louis, and State of Missouri, on the 8th day of May, 1956, and on divers other days, and times prior thereto, the said Harry Mueller, did then and there, towit: at # 15 N. Broadway exhibit, sell and offer to sell an indecent and lewd book, picture, magazine, periodicals, papers and printed matter. Contrary to the Ordinance in such cases made and provided."

On October 19, 1956, the cause came on for trial and resulted in a finding that defendant was guilty of violating the aforesaid ordinance. A fine of $300 was assessed against defendant. An appeal from this decision was taken to the St. Louis Court of Criminal Correction, Division No. 2.

Thereafter, defendant filed in said cause a plea in abatement. In this plea it was alleged that there was filed in said court an indictment charging defendant with violation of § 563.280 RSMo 1949, V.A.M.S.; that the acts charged as violative of said section were the same as those which formed the basis of the prosecution under said ordinance; that on November 9, 1956, defendant pleaded guilty to said charge under the state statute and was fined the sum of $100, and for that reason the prosecution under said city ordinance should be abated in accordance with the provisions of § 479.100 RSMo 1949, V.A.M.S. The prayer of the motion was that the court sustain said plea and dismiss said action.

Thereafter, and on December 28, 1956, said motion was by the court sustained and the cause dismissed. Plaintiff filed a motion for new trial, and upon its being overruled appealed to this court.

The first question which presents itself is whether the city has the right of appeal in such cases. The statute, § 479.250 RSMo 1949, V.A.M.S., relating to appeals and writs of error in cases tried in the St. Louis Court of Criminal Correction, provides as follows:

"An appeal shall be allowed the defendant from any final judgment of said court to the St. Louis court of appeals, if applied for within ten days after the rendition of such judgment, but not otherwise. The manner of taking such appeals shall be the same, as near as may be, as is prescribed by law for taking appeals from circuit courts in criminal cases. Writs of error shall be allowed upon any final judgment of said court, and may be prosecuted and issued from the St. Louis court of appeals, in like manner and with similar effect as writs of error to the St. Louis circuit court."

In City of St. Louis v. Marchel, 99 Mo. 475, 12 S.W. 1050, it was held that the city had no right of appeal under the foregoing statute (then RSMo 1879, Appendix, p. 1515, Chapter 3, Sec. 26), but that its only right of review was by writ of error. It was also held that the general law allowing an appeal to the state in criminal causes did not apply, for the reason that the action was not of that nature. The appeal was accordingly dismissed.

■ Such was the law until the recent enactment by the Supreme Court of its Rules of Criminal Procedure, 42 V.A.M.S. By Rule 28.02 the court abolished writs of error in criminal cases and provided that review in such cases shall be by appeal, and that such appeal shall "present all issues which heretofore had been presented by writ of error and appeal." The effect of this rule was not to abolish the substantive right of review heretofore enjoyed by the city under Section 479.250, supra, but merely to effect a change in procedure whereby that right could be exercised by appeal instead of by writ of error. The appeal by the city in this case was proper.

■ Respondent has moved to dismiss the appeal for the reason that the appeal is taken from the order overruling the motion for new trial and not from the final judgment.

Our courts have held that notices reciting that an appeal is taken from the order overruling the motion for new trial are sufficient as attempts in good faith to appeal from the respective judgments. Weller v. Hayes Truck Lines, 355 Mo. 695, 197 S.W. 2d 657; Terrell v. Missouri-Kansas-Texas R. Co., Mo.Sup., 303 S.W.2d 641, and Boenzle v. U. S. Fidelity & Guaranty Co., Mo. App., 258 S.W.2d 938.

The second point raised in said motion is that the appellant's brief fails to comply with Supreme Court Rule 1.08(a) (1) in that it fails to contain a concise statement of the grounds on which the jurisdiction of this court is invoked.

The jurisdictional statement in appellant's brief is as follows:

"This is an appeal from an order of the St. Louis Court of Criminal Correction, Division No. 2, sustaining respondent's motion in plea in abatement, and motion to dismiss, in an action charging respondent with violation of Ordinance No. 44886, Chapter 46 and Section 38, Chapter 1, Section 16 of the Revised Code of St. Louis, approved February 28, 1949, relating to obscene literature. It involves the interpretation and construction of Section 479.-100, Revised Statutes of Missouri, 1949 [V.A.M.S.], dealing with the jurisdiction of the St. Louis Court of Criminal Correction. The suit does not involve any of the matter listed in Section 3 of Article V of the Constitution of Missouri [V.A.M.S.], and therefore the St. Louis Court of Appeals has jurisdiction."

■ In our judgment, the foregoing statement of jurisdiction is a sufficient compliance with Supreme Court Rule 1.08(a) (1).

■ It is next urged that Rule 1.08(a) (2) is violated in that said brief does not contain a fair and concise statement of facts without argument.

We have carefully examined the statement and find that it contains all the facts relevant to the question presented for determination. There is no argument therein. There was no violation of the rule in the respects claimed.

It is next urged that the brief does not contain specific page references to the transcript, as required by Supreme Court Rule 1.08(c).

The issue on this appeal is whether or not the trial court erred in sustaining defendant's plea in abatement. The facts necessary to determine this issue are not in dispute and are found in the pleadings. The brief contains a page reference to the

transcript where the formal charge against defendant is set out. There are also page references to where defendant's plea in abatement and plaintiff's reply thereto may be found. There are no page references to the relevant record entries. However, this omission has not cast an undue burden on the court. The whole transcript contains but 16 pages, and said orders are readily ascertainable. In our judgment, there has been a substantial compliance with the rule.

The following specification of error appears under the heading "Points Relied On":

"The Court below erred in sustaining respondent's motion in abatement and motion to dismiss for the reason that the Court's interpretation of Section 479.100, Revised Statutes of Missouri, 1949 [V.A.M.S.], was in conflict with the appellate decisions of the State of Missouri."

There then follows the citation of authorities.

Respondent contends that said specification of error does not comply with the provisions of Rule 1.08(a) (3). Said rule provides that the appellant's brief shall contain: "The points relied on, which shall show what actions or rulings of the Court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citation of authorities thereunder  *  *  *."

We believe there was a sufficient compliance with the foregoing rule. The action of the trial court complained of was the sustaining of defendant's motion to dismiss. Said motion was in the nature of a plea of autrefois convict, which defendant contended was a valid plea under a proper interpretation of Section 479.100, supra. The court adopted defendant's view and sustained the motion. This ruling is claimed to be error for the reason that the court's interpretation of said statute was erroneous. There then follows the citation of authorities. Clearly, there was no violation of said rule.

The respondent's motion to dismiss should be and is hereby overruled.

Appellant's sole point on this appeal is that the court erred in sustaining respondent's plea in abatement. This involves an interpretation of Section 479.100 RSMo 1949, V.A.M.S. Said section reads as follows:

"The court shall have exclusive original jurisdiction of all misdemeanors under the laws of the state committed in St. Louis city, the punishment whereof is by fine or by imprisonment in the county jail, or both, or by forfeiture. The court shall have concurrent jurisdiction with the city police court of the city of St. Louis of all offenses which may be declared to be misdemeanors under any law of the state, and which may also be in violation of any ordinance of the city of St. Louis; but any action pending or which has been decided in either of said courts may be pleaded in bar or abatement, as the case may be, to a prosecution in the other of said courts for the same offense, with the like effect as if said prosecution were pending in the same court, or had been decided in the same court. This law shall not be construed to give to said city police court jurisdiction of any prosecution for a misdemeanor instituted in the name of the state of Missouri."

Under the foregoing statute a plea of autrefois convict will lie where there is an attempted prosecution in a case over which there is concurrent jurisdiction between the Police Court and the Court of Criminal Correction, and where there has been a prior conviction of the "same offense" in either court. A violation of a state statute is not, within the meaning of the law, the "same offense" as the infraction of a municipal ordinance, even though both rest on the same foundation of fact. State v. Jackson, Mo.App., 220 S.W.2d 779; State v. Gustin, 152 Mo. 108, 53 S.W. 421; State v. Muir, 86 Mo.App. 642; State v.

Muir, 164 Mo. 610, 65 S.W. 285; City of Lebanon v. Gordon, 99 Mo.App. 277, 73 S.W. 222. Therefore, the trial court erred in sustaining defendant's plea in abatement.

The judgment is reversed and the cause remanded.

RUDDY, P. J., and JOHN K. REGAN, Special Judge, concur.