M’Girk, C. J.,
delivered the opinion of the Court.
This was an action originally commenced before a Justice of the Peace, by certiorari; taken to the Circuit Court, and the proceedings there set aside, and a trial had on the merits; a judgment for the plaintiff, now defendant in error, for about $84. This suit, before the Justice, was against the Constable, for a false return to an execution. It appears by an endorsement on the execution, that a deputy Constable made the return, first nulla bona, and also stayed till returned by plaintiff’s ■ order. None of the evidence, had before the Court, is preserved.
The first question made, is, will the writ of error lie where the judgment is under $100 ? The act of the General Assembly, passed first session of the State Legislature, only gives appeals and writ3 of error in cases where the thing in dispute shall, exclusive of costs, be in value equal to one hundred dollars. The Constitution says, the Supreme Court shall have appellate jurisdiction only ; but says nothing about the amount or value. " The Legislature says, that appellate jurisdiction shall be limited to cases of $100. The Constitution does not give the power to limit the right of appeals, &e., to tho Legislature. The Constitution gives the right, generally, to all cititizens, to have their causes reviewed in the Supreme Court, without regard to amount; therefore, our opinion is, the writ of error will lie, notwithstanding the limitation in the act.
With respect to the-correctness of the judgment of the Circuit Court, we can say nothing. The matters of fact were found by the Court, and no point of law, arising out of the facts, appears to have been saved, if any were made. . One reason in arrest of judgment, is, that inasmuch as the return on the first execution was made by deputy, the proceeding should not be against the principal. The proceeding in that respect is right, for every principal is liable for the act of his deputy in all civil matters. It is said, there is no proof that the principal ever had the execution, and that the deputy appears only to have had it. The answer to this, is, that all these things must he presumed to have been proven in the Circuit Court. As to the other reasons in arrest of judgment, they are of no weight.
Tire judgment of the Circuit Court is affirmed, with costs.