THE CITY OF ST. LOUIS, *Appellant*, v. MARCHEL.

1. **Practice:** ACTION BY CITY FOR VIOLATION OF ORDINANCE: REVIEW OF JUDGMENT. An action by the city of St. Louis to recover a penalty for a violation of an ordinance thereof is a civil action, so far as concerns the plaintiff's right to a review of the judgment.

2. ———: ———: ———. The defendant in such case may appeal from the judgment, but the only means of review given the plaintiff is by writ of error. (R. S. 1879, p. 1515, sec. 26.)

---

[*For dissenting opinion of SHERWOOD, J., see page 542.]

3.     ———: REVIEW OF JUDGMENT: CONSTITUTIONAL LAW. The legislature cannot deny to litigants the right to have such causes reviewed by the supreme court as come within its constitutional jurisdiction, but it may prescribe the mode to be pursued in obtaining such review.

4.     ———: ———: ———. The omission to provide for an appeal is no denial of such constitutional right, where an efficient and convenient method of review is provided by writ of error.

*Appeal from St. Louis Court of Criminal Correction.*
HON. E. A. NOONAN, Judge.

APPEAL DISMISSED.

THE defendant was prosecuted in one of the police courts of St. Louis for violating an ordinance of the city by refusing to connect certain premises with the adjacent sewer, pursuant to the order of the health commissioner to that effect.

The case was tried before a jury. The defendant was acquitted. The plaintiff appealed to the St. Louis court of criminal correction.

At the trial anew in the latter court there resulted a finding and judgment for defendant, from which plaintiff has appealed to this court.

*Leverett Bell* for appellant

*Wm. E. Fisse* for respondent.

BARCLAY, J.—This is an action brought upon an ordinance of the city of St. Louis to recover a penalty for a violation thereof. As such, under prior rulings of this court, it must be treated as a civil action so far as concerns the plaintiff's right to a review of the judgment. *City of Kansas v. Clark*, 68 Mo. 588; *City of Kansas v. Muhlback*, 68 Mo. 638.

But neither the charter of St. Louis nor the legislative act governing proceedings in the St. Louis court of criminal correction expressly authorizes an appeal

from judgments in favor of defendants in such cases. The latter provides for an appeal by defendant, but the only means of a review given to a plaintiff by that statute is writ of error. R. S. 1879, Appendix, p. 1515, sec. 26.

The general law allowing appeals to the state in criminal causes does not apply, because this action is not of that nature, and even if it could be so regarded this appeal would not come within its terms. R. S. 1879, sec. 1986.

While the legislature may not properly deprive litigants of their right to have such causes reviewed by this court as fall within its constitutional jurisdiction (*Blunt v. Sheppard*, 1 Mo. 219), yet the mode to be pursued in obtaining such review is (speaking generally) a proper subject of legislative regulation. Where, as here, a convenient and efficient one, by a writ of error, is available, no constitutional right of plaintiff is infringed by the omission of the legislature to provide for an appeal.

The present appeal must, therefore, be dismissed as having been erroneously allowed.

It is so ordered. All the judges concur.

