## CITY OF POPLAR BLUFF, Appellant, v. PAT HILL, Respondent.

**St. Louis Court of Appeals, February 4, 1902.**

1. **Cities of Third Class: APPEAL WILL LIE BY CITY.** An appeal will lie by the city as well as by defendant from a prosecution for penalties for violations of city ordinances in cities of the third class, being expressly authorized.

2. **Prosecution: VIOLATION OF CITY ORDINANCES.** Prosecutions for violation of municipal ordinances are civil cases in nature.

3. **Oral Testimony: HOW TO BE PASSED ON WHEN UNCONTRADICTED.** Where plaintiff introduced oral testimony on a disputed issue, defendant is entitled to have the jury pass upon its credibility even if it stands uncontradicted.

4. **Judicial Notice Taken of Cities.** Poplar Bluff is a city of the third class, governed by the general charter for said cities.

Appeal from Butler Circuit Court.—*Hon. J. L. Fort,* Judge.

REVERSED AND REMANDED.

*Phillips & Phillips* for appellant.

(1) The city had the right to enact section 682 of its Revised Ordinances. Sec. 5872, R. S. 1899. State v. Muir, 86 Mo. App. 642. (2) The city has a right to appeal from a verdict and judgment in favor of defendant in the police court:

Section 5805, R. S. 1899; Kansas City v. Clark, 68 Mo. 588; Kansas City v. Culback, 68 Mo. 641; Kansas City v. White, 69 Mo. 28; St. Louis v. Knox, 74 Mo. 81; Ex Parte Hollwedell, 74 Mo. 401; Town of Carrollton v. Rhomberg, 78 Mo. 549; Fuerth v. Anderson, 87 Mo. 356.

No brief for respondent.

BARCLAY, J.—This action was brought before the recorder or police judge to enforce a penalty defined by the following ordinance of the city of Poplar Bluff, Missouri:

"Section 682.—If two or more persons, in any public place, within the limits of this city, voluntarily, or by agreement engage in any fight, or use any blows or violence toward each other in any angry or quarrelsome manner, or do each other any mischief, or if any person shall assault another and strike him, in any public place, to the terror or disturbance of others, the person or persons so offending shall be deemed guilty of an affray, and on conviction shall be punished by imprisonment in the city calaboose not exceeding six months, or by fine not exceeding two hundred dollars, or by both such fine and imprisonment."

Under the foregoing ordinance the city attorney of Poplar Bluff instituted this proceeding in the police court of that city, which is a city of the third class, governed by a general charter of such municipalities (R. S. 1899, secs. 5751 and following).

A trial was had in the police court where judgment was given for defendant. The city took an appeal to the circuit court of the county, where the cause came on for hearing anew. The learned circuit judge, after the trial in his court began and testimony had been offered to show a violation of the ordinance, ruled that the appeal by the city was unauthorized and that defendant could not be tried again, having been acquitted for the offense in the police court of the city.

The city by its counsel duly excepted to that ruling and followed the usual steps for review by motion for new trial, preserving exceptions, and taking an appeal to this court.

1.    The statutory charter of cities of the third class (to which the city of Poplar Bluff belongs) expressly provides that in cases arising under city ordinances, an appeal may be taken either by the city or by the defendant, except from a judgment on a plea of guilty.    R. S. 1899, sec. 5805.    The charge in the present case is for a breach of the peace on one of the public streets of the city, and the action is upon a penal ordinance; but yet the case is not a criminal prosecution.    It is civil in its nature, according to the view taken of similar proceedings in a line of decisions in this State which must be taken to have closed all discussion of the question in this court.    Kansas City v. Clark, 68 Mo. 588; Kansas City v. Neal, 122 Mo. 232; State v. Muir, 86 Mo. App. 642, and 164 Mo. 610 (65 S. W. 285). The discharge of the defendant in the police or recorder's court is no bar to an appeal by the city where such appeal is expressly authorized by law.    St. Louis v. Marchel, 99 Mo. 475.    The learned circuit judge was in error in holding the appeal unauthorized, and in refusing to entertain the case for trial in the circuit court.

II.    The claim made on behalf of the city appellant to the effect that a judgment should be rendered here for the penalty, on the uncontradicted evidence before the trial court, can not properly be allowed.    Defendant is entitled to a trial of the facts and is entitled to have the trial court pass on the credibility of the oral testimony on behalf of the city on a disputed issue even if that testimony stands uncontradicted. Gannon v. Gas Co., 145 Mo. 502; Seehorn v. Bank, 148 Mo. 256.

The judgment is reversed and the cause remanded for a new trial.    *Bland, P. J.,* and *Goode, J.,* concur.