CITY OF CARTHAGE, Respondent, v. IRWIN BIRD, Appellant.

Springfield Court of Appeals, July 7, 1910.

1. APPELLATE PRACTICE: Defective Abstract: Filing Bill of Exceptions. The filing of a bill of exceptions cannot be shown by a recital in the bill itself.

2. ———: ———: What Should be Shown by Bill of Exceptions. The only way provided by law to preserve the testimony offered at the trial of a cause and the contents of a motion for a new trial and that the injured party took exception to the action of the court, is that these things should be preserved in a bill of exceptions and the abstract must show what is preserved by the bill of exceptions.

3. ACTIONS: Municipal Corporations: Violation of Ordinances: Practice: New Trial. It has been uniformly held that prosecutions for violation of city ordinances are civil actions and in such a case the city has a right to a new trial on account of errors committed against it.

Appeal from Jasper Circuit Court.—*Hon. D. E. Blair,*
Judge.

AFFIRMED.

*H. T. Harrison* for appellant.

*Roy Hockensmith* for respondent.

COX, J.—This case originated before the police judge of the city of Carthage, and was a prosecution against defendant for the violation of a city ordinance, charging him with a disturbance of the peace. Upon a trial defendant was convicted and appealed to the circuit court, and upon trial in the circuit court as we gather from appellant's abstract of the record filed here a trial was begun before the court without a jury. The attorney for the city offered certain testimony among which was the ordinance of the city of Carthage under which the defendant was being prosecuted. The objection of defendant to the admission of this ordinance was sustained, and the defendant was acquitted. The attorney for the city then filed a motion for new trial which was sustained and defendant has appealed to this court.

We are precluded from examining into the merits of this appeal for the reason that there is nothing before us which we can review except the record proper. The judgment recites that the motion is sustained on the ground that the court erred in excluding competent, relevant and material evidence offered by the plaintiff, and on the ground that the court erred in excluding ordinance No. 820 of the general ordinances

of the city of Carthage, Missouri, passed and approved on the 23rd day of April, 1906. This is an appeal by the short form. Appellant has filed in this court what is denominated an abstract of the record. In this abstract of record is recited in narrative form the history of the court's proceedings and we find also printed what purports to be the testimony of. I. F. Shannon and a recital that the city offered in evidence ordinance No. 820 of the city of Carthage. That defendant objected thereto and the court sustained the objection. Then follows a copy of the ordinance which was offered and the judgment of the court acquitting the defendant of the charge, the filing of a motion for new trial, which motion is set out, together with the court's action sustaining it and the reasons therefor, the filing of an affidavit for appeal by the defendant, the order of the court granting the appeal, and at the close of all this recital we have the following:

"And now here, on the 21st day of February, 1910, and within the time so allowed by the court for filing bill of exceptions herein, the defendant presents this, his bill of exceptions, and prays the court that the same may be signed, sealed and made a part of the record herein, which is accordingly done.

Witness my hand as judge of said division of said court, this the day and year last above written.

D. E. BLAIR,

Judge Division Number Two, Jasper County Circuit Court.

Filed Feb. 21, 1910, A. F. Carmean, Clerk."

The error complained of is the action of the court in sustaining the motion for new trial filed by plaintiff. The record recites the ground of this motion to have been the error of the court in excluding certain testimony offered by the plaintiff. The only way provided by law to preserve the testimony offered at the trial and the contents of a motion for new trial and to show

that the party injured took exceptions to the action of the court is that these things should be preserved in a bill of exceptions, and it is also true that the filing of a bill of exceptions cannot be shown by a recital of the bill itself. These questions are so well settled that the citation of authorities is unnecessary. The only evidence in this record that a bill of exceptions was filed at all is what is found in the quotation above set out which purports to be the closing words of a bill of exceptions. If this is to be taken as sufficient evidence of the filing of a bill of exceptions there is nothing in this record by which we can determine what was in the bill of exceptions, and, hence, there is nothing before us for review except the record proper, and that leaves for our determination but one question and that is whether after the trial and acquittal of defendant the court had authority to grant a new trial for errors committed during the trial against the plaintiff. It has been uniformly held that prosecutions for violation of city ordinances are civil actions. City of Mexico v. Harris, 115 Mo. 707, 92 S. W. 505; City of Poplar Bluff v. Hill, 92 Mo. App. 17; and in all civil actions the right of a party to a new trial on account of errors committed against him is vouchsafed to all litigants.

No error appearing in the record proper, the judgment will be affirmed. All concur.