KANSAS CITY, Respondent,

v.

Patsy PLUMB, Appellant.

No. 24667.

Kansas City Court of Appeals.

Missouri.

June 5, 1967.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 2, 1967.

Application to Transfer Denied Nov. 13, 1967.

**458**

Robert G. Duncan, Pierce, Duncan, Beitling & Shute, Kansas City, for appellant.

Herbert C. Hoffman, City Counselor, Charles A. Lewis, Richard Unruh, Asst. City Counselors, Kansas City, for respondent.

HOWARD, Presiding Judge.

This is an appeal from a judgment of the Circuit Court of Jackson County, Missouri, finding appellant guilty of a violation of an ordinance of Kansas City, Missouri, in a case on appeal from the municipal court. Appellant will be referred to as defendant and respondent as the city.

Defendant was charged with the offense of soliciting for immoral purposes as described by Section 47.070 Revised Ordinances of Kansas City, Missouri, 1956, which ordinance reads as follows: "No person shall solicit any other person upon the streets, sidewalks or other public places of the city, or in or about any tavern, saloon, tap room, bar, rooming house or hotel, for the purpose of prostitution or sexual intercourse for hire, or for any act of sexual perversion. Any person violating the provisions of this section shall be deemed guilty of a misdemeanor."

The city's evidence consisted solely of the testimony of police officer Thomas Norman. The defendant offered no evidence. Norman testified that on January 8, 1966, he had been assigned to investigate vice activities in Kansas City. He had been in several places and while waiting on a corner for a red light to change he struck up a conversation with an unnamed man concerning how cold the night was. The two of them then proceeded to the new Frederic Hotel, at 312 East 9th Street, Kansas City, Missouri, where Norman and the other man each registered in separate rooms. The other man "made arrangements for women" with an unnamed bellhop. Norman and the other man then went upstairs to their respective rooms. About twenty minutes later, Mr. Hurse, a bellhop at the hotel, appeared in Norman's room and advised that the other bellhop had gone off duty and that he (Hurse) had taken over.

Norman then "asked him what the delay was on the girl, and he said he would send one up." About twenty minutes later defendant knocked on officer Norman's door, which was slightly ajar and entered the room and "asked if I was the one that wanted the entertainment." Officer Norman was partly unclothed. They both sat on the bed, which appears to have been the only thing in the room to sit on, and she said that "she would go a straight lay for $20, a half and half for twenty-five, and a French lay for thirty-five, act of prostitution." Officer Norman then placed defendant Plumb under arrest. Defendant did not take off any of her clothing, did not lay down on the bed, and did not engage in any act of prostitution or perversion.

On this evidence the circuit judge, trying the case without a jury, found defendant guilty of the offense of solicitation and imposed a sentence of sixty days at the municipal farm and $100.00 fine. From such sentence, defendant has duly appealed.

On this appeal, defendant challenges the sufficiency of the evidence to support the judgment and sentence. The main burden of this challenge seems to be that the words of defendant do not carry any connotation of a suggestion or offer to engage in an act of prostitution or perversion, when such words are limited to the meaning ascribed to them by our standard dictionaries. This is so, but it is apparent that defendant spoke in the vernacular of her trade.

■ The offense of soliciting does not require any particular form of words, and, in fact, may be committed by gesture alone, or any other act which, from all the circumstances, conveys to the one solicited an offer to engage in an act of prostitution or perversion. See City of St. Louis v. Long, Mo.App., 395 S.W.2d 481; Kansas City v. Martin, Mo.App., 369 S.W.2d 602; Curran v. United States (D.C.Mun.App.) 52 A.2d 121; State v. Render, 203 Iowa 329, 210 N.W. 911. From the evidence as heretofore summarized, it is plain to anyone who has had any connection with law enforcement that the defendant was, in fact, offering to commit various acts of prostitution or perversion for a sliding scale of prices. It can not be questioned that such testimony was so understood by the trial judge, who, in this jury waived case, was the trier of fact. On the basis of the foregoing authorities, such evidence was amply sufficient to support the charge against defendant and the judgment and sentence entered by the court.

■ Defendant further contends that her conviction should be reversed on the basis that she was not guilty as a matter of law because she was entrapped by the police officer. In Missouri, as in other states and in the United States courts, entrapment is recognized as a defense, even though the facts proved against the defendant may show that he committed all acts necessary to constitute the offense denounced by the statute or ordinance. The cases are in agreement that where the criminal intent originates with the police officer, rather than with the defendant, and where, by his acts, suggestions and entreaties the officer procures the defendant to commit the offense, then the defense of entrapment may prevent a conviction. However, on the other hand, where the criminal intent originates in the mind of the defendant, and the police officer merely furnishes an opportunity for the defendant to commit the offense, then, and in that event, the defense of entrapment is not available to the defendant. It is sometimes said that if the defendant would not have committed the offense, but for the acts of the officer, then the defense of entrapment is available, but that if the defendant is ready and willing to commit the offense, and the officer only presents the opportunity, then no defense of entrapment will lie. See State v. Taylor, Mo., 375 S.W.2d 58; State v. Ward, 361 Mo. 1236, 239 S.W.2d 313; State v. Decker, 321 Mo. 1163, 14 S.W.2d 617, and cases cited therein.

■ Here the evidence shows that the officer posed as a willing buyer and that as a result of such pose, the defendant, a will-

ing seller, approached the officer and offered her body for sale. In such circumstances, as is shown by the foregoing authority, no defense of entrapment will lie. It is sometimes asserted that the defense of entrapment can be interposed as a matter of law, however, in almost all instances the courts have held that the evidence makes an issue for the trier of fact as to whether or not the defense of entrapment is applicable. In the case at bar the defense of entrapment was presented to the court, sitting without a jury as the trier of fact, by motion to dismiss at the close of plaintiff's evidence (which, in fact, was the close of all the evidence), and such trier of fact found against the defendant on such issue. This conclusion is amply supported by the evidence and we will not disturb it.

Lastly, defendant contends that the circuit court lacked jurisdiction to try and determine this cause because she was originally tried in the Kansas City municipal court and there discharged and the cause was appealed by the city to the circuit court. Defendant contends that the city has no right of appeal from a decision of the municipal court acquitting the defendant on the merits of the case, and that when she was tried again in circuit court it amounted to double jeopardy.

The burden of defendant's argument is that this is a criminal case and, since the constitution and statutes permit an appeal by the state in a criminal case only where the indictment or information is held insufficient or the judgment is arrested or set aside, that such limitation of the right to appeal applies equally to the City of Kansas City, and that no appeal by the city lies where the defendant has been discharged in municipal court after a trial on the merits.

 This, of course, misconceives the nature of an action for violation of a city ordinance. The holding that such cases are civil, not criminal, has been universally adhered to by our courts from time immemorial. The matter of violation and enforcement of municipal ordinances is considered in ☞632–645, inclusive, of the Missouri Digest, under the subject of Municipal Corporations. Almost every case listed under these key numbers sets out and determines that such actions are civil and not criminal in nature. Consequently, defendant's argument fails on this basis alone. The matter of appeal in Missouri does not derive from common law but is purely statutory in nature. Kansas City being a city under special constitutional charter, we look to such charter to determine whether or not the city has a right to appeal in such instance. Section 399 of the charter provides: "Appeals may be taken from the municipal court to the circuit court of Jackson County, Missouri, in the manner and upon the conditions prescribed by ordinance." Section 35.-240 Revised Ordinances of Kansas City, 1956, provides: "Upon judgment of acquittal of any defendant by the court, if the prosecuting officer of the city deems it for the best interest of the city that such case be appealed, the attorney shall * * *" take the necessary steps to perfect such appeal. This is obvious and sufficient authority for appeal by the city.

As far back as 1878 our Supreme Court in the case of Kansas City v. Clark, 68 Mo. 588, held that under appropriate charter provisions the City of Kansas City had a right to appeal from a judgment of acquittal of one who is charged with violation of the city ordinance. Such holdings have not been limited to the City of Kansas City but it is general law in the State of Missouri that actions against an individual for violation of a city ordinance are civil in nature, and that the city, as well as the defendant, has a right to appeal, where such appeal is properly authorized by statute. See among the many cases, City of St. Louis v. Marchel, 99 Mo. 475, 12 S.W. 1050; City of St. Charles v. Hackman, 133 Mo. 634, 34 S.W. 878; Randol v. Kline's Inc., 322 Mo. 746, 18 S.W.2d 500; Town of Kirkwood v. Autenreith, 11 Mo.App. 515; City of Springfield v. Starke, 93 Mo.App. 70; City of Carthage v. Bird, 146 Mo.App. 325, 129 S.W. 1054; City of Clayton v. Nemours, 237 Mo.App.

167, 164 S.W.2d 935; City of St. Louis v. Mueller, Mo.App., 313 S.W.2d 189; City of St. Louis v. Penrod, Mo.App., 332 S.W.2d 34 and City of St. Louis v. Mikes, Mo. App., 372 S.W.2d 508.

 Defendant claims that this appeal is invalid because the city did not post bond as required by said Section 35.240 of the Revised Ordinance of Kansas City and Section 82.220 RSMo 1959, V.A.M.S. This, of course, overlooks the fact that Supreme Court Rule 37.79, V.A.M.R. applying to municipal and traffic courts, specifically provides: "No bond shall be required of a municipality upon an appeal by the municipality." Since this deals with the manner and procedure for taking appeals and not with the right of appeal, this provision of the rule obviates the necessity of posting bond by the city as theretofore required.

Defendant also contends that the charter provision and ordinance authorizing an appeal by the city are contrary to the general law of the State of Missouri and therefore can not have force and effect. As heretofore pointed out the general law referred to by defendant applies only to appeals by the state in criminal matters and in no wise applies to the matter here under consideration. It should also be noted that appeals by the city are specifically authorized by statute for first class cities in Section 98.040, for second class cities in Section 98.280, for third class cities in Section 98.-460 and for fourth class cities in Section 98.630, (all sections refer to RSMo 1959 and V.A.M.S.). Thus the Kansas City charter and ordinance provisions are compatible with the general laws of Missouri on the subject.

What we have said disposes of the right of the city to appeal, but one matter requires further comment. The brief of the city relies exclusively on Supreme Court Rule 37.78, applying to municipal and traffic courts, for authorization of this appeal by the city. This rule reads: "A defendant and the municipality shall be entitled to appeal from a judgment to the circuit court of the county or such other court having jurisdiction of such appeals within the time and in the manner provided by law." We must remember that this rule was promulgated by our Supreme Court pursuant to the authority contained in Section 5 of Article V of the Missouri Constitution of 1945, V.A.M.S. This article specifically provides: "The rules shall not change substantive rights, or the law relating to * * * the right of appeal." Thus, under this constitutional provision, the Supreme Court can not by rule change the law granting the right to appeal. This the court has not purported to do, as was pointed out by our Supreme Court en banc in State ex rel. Garnholz v. La Driere, 299 S.W.2d 512, where the court was considering its rule concerning appeals from magistrate courts in criminal cases. Such rules can not and do not change the right of appeal and such right exists only if and when the right to appeal is granted by law, independent of the rule. As we have heretofore pointed out, this appeal by the city is so authorized.

Finding no error in the proceedings below, the judgment of the circuit court is affirmed.

All concur.