Dona **RHOADS** and Bobbie **Birdsall,**
Appellants,

v.

John K. **BURGE,** Respondent.

Nos. 25509, 25516.

Kansas City Court of Appeals,
Missouri.

June 7, 1971.

Roy W. Brown, Kansas City, for appellants.

Aaron A. Wilson, City Counselor, Rex G. Bostwick, Asst. City Counselor, Kansas City, for respondent.

SPERRY, Special Commissioner.

Respondent, John K. Burge, is Director of Liquor Control of Kansas City, Missouri. Appellant, Dona Rhoads held Employee Permit No. 67–2129 and appellant Birdsall held Employee Permit No. 67–1895, whereby these appellants were authorized to work as employees in bars licensed by Kansas City, Missouri, to sell intoxicating beverages. Both appellants were charged with violation of ordinances of Kansas City relating to their conduct as permittees. They were given a hearing, or trial, before the Director of Liquor Control, and their respective permits were revoked. This action was approved by the Board of Review on appeal. The two cases were consolidated and the transcript of evidence taken in each case is to be considered in both appeals.

It was alleged and found that Rhoads had acted as a procuress, on the premises where she worked. It was alleged and found that Birdsall had solicited for purposes of prostitution, on the premises at the bar, where she was employed. The action of the Director was reviewed and approved by the Liquor Control Board of Review, of Kansas City, Missouri. Both appellants sought judicial review before the Circuit Court of Jackson County. That court found that there is substantial evidence to support the findings of the Liquor Control Board of Review, and both Rhoads and Birdsall appeal to this court.

The cases are briefed together. Under appellants' "Points and Authorities" there appears the following only: "That the court erred to the prejudice of the appellants in sustaining the action of the director for the reason that same was based only on evidence of one act of indiscretion 'if believed' and 'not' on substantial credible evidence."

We review the action of an administrative body to determine whether same is supported by competent and substantial evidence upon the whole record. We may not substitute our judgment on the evidence for that of the administrative tribunal, but we are authorized to decide whether such tribunal could have reasonably made its findings and reached its result, upon consideration of all the evidence before it; and to set aside decisions clearly contrary to the overwhelming weight of the evidence. We should adhere to the rule of deference to findings involving credibility of witnesses made by those before whom the witnesses gave oral testimony. Seabaugh's Dependents v. Garver Lumber Mfg. Co., et al., 355 Mo. 1153, 200 S.W.2d 55, 62.

The evidence before the Director of Liquor Control, and upon which these permits were revoked, consists of the testimony of police officer Clavin, and of that given by each of the appellants.

It is not contended that revocation of the permits here involved was illegal if, in fact, there was substantial evidence tending to prove the allegations. It was alleged that Rhoads, while working as an employee of the Sherman Bar, in Kansas City, Missouri, "did * * * act as a procuress in that she did aid and assist in the arrangement of an act of prostitution." Likewise, it is not contended that revocation of the permit held by Birdsall was illegal if there was, before the director and board, substantial evidence tending to prove that she solicited a male to participate in the commission of an act of prostitution on the premises of the Sherman Bar, in Kansas City, Missouri.

Keith Clavin testified to the effect that, on June 17, 1968, he was employed as a police officer by Kansas City, Missouri; that he was ordered to work with the vice unit on that date; that he was to especially watch activities in the Sherman Bar; that he was not in uniform; that he entered the bar during that evening; that he was seated in the bar; that he was approached by appellant Rhoads, who was a barmaid; that she asked him if he wanted some fun; that he asked, "like what?"; that she said she could fix me up for a "straight lay"; that she said she would have to make a

telephone call; "said it was $20.00"; said that it would be with a girl named Penny; that Rhoads made a telephone call and told him that she was unable to reach Penny; that if he would return the following night she would have a date for me.

At this point Clavin said he would like to read (from his report) and counsel for appellants asked if witness had an independent recollection of the matter; witness answered that he was going by his report; that his first report was made on the 17th and the second on the 18th; that he could refresh his memory from the report. Clavin stated that Rhoads said that she could "fix me up for a straight lay—for $20.00—", if he would come back the night of the 18th.

He stated that he returned to the bar at 9:30 P.M. June 18, 1968; that Mrs. Rhoads and a woman, later identified as Bobbie Birdsall, were sitting in a booth on the north side of the bar; that he sat down at a table a few feet away and ordered a drink; that Mrs. Rhoads stated that the girl that she intended setting me up with "couldn't make it"; that she had a girl named Bobbie that, for $20.00, would give me a "straight lay"; that Bobbie had a room in a hotel across the street and would take the money.

On cross examination the officer stated that he testified in police court as to what occurred on the 18th as follows: "Mrs. Rhoads introduced me to Bobbie Birdsall and Bobbie Birdsall said she would give me a straight lay of prostitution for $20.00 and had a room across the street in the hotel and would have to have the money before we left the bar, and I asked her what I would get, and she said a straight lay." Upon being questioned, he said that she did not say "prostitution"; he further stated that the conversations mentioned occurred while witness sat at a table and the two appellants sat in a booth a few feet away; that he did not pay either appellant any money; that, shortly after leaving the bar with Birdsall, he placed Birdsall under arrest. He stated that he understood "straight lay" to mean an act of prostitution.

Appellant Rhoads stated that, on the evening of June 17, 1968, she was employed at the Sherman Bar; that she saw Officer Clavin sitting in the bar but had no conversation with him; that on June 18th, Clavin came in and sat in a chair; that Bobbie and June, another waitress, were sitting in a booth; that witness was sitting in a chair in the aisle, behind them; that Clavin got a mixed drink at the bar; that he asked witness to have a drink which she declined; that witness left to wait on customers; that she heard no conversation between Clavin and June or Bobbie; that she never told Clavin that Birdsall would give him a straight lay; that witness doesn't know what that expression means; that she saw Clavin and Birdsall walk out; that she did not see Clavin on the 18th; that she was arrested after Clavin and Birdsall left the bar.

Birdsall testified to the effect that, on June 18, 1968, she and "another barmaid, June" were sitting in a booth at Sherman Bar when she first saw Clavin; that Rhoads was "sitting in back"; that Clavin asked Rhoads to have a drink; that then he asked Birdsall to have a drink; that she said no; that Clavin said, "Well I have $20.00 to spend"; that witness responded: "Well, let's go spend it, but no mention of hotel room or anything"; that, as they were going out of the door, Clavin arrested her; that she never mentioned "straight lay"; that she thought Clavin wanted to go out drinking, but that he did not "proposition" her.

Appellant Rhoads says that a procuress is defined as: "* * * the procurer or solicitor is the common pimp or bawd who procures or solicits men for the prostitute, and receives pay from her earnings." City of St. Louis v. Wyatt, Mo.App., 189 S.W. 2d 129, 131. She further says that she is charged with violation of city ordinance: "Section 26.159. Procurers. It shall be

unlawful for any person, *male or female*, to act as a procurer, procuress, or pimp, *or to aid or assist or be in any way concerned in the arrangement of acts or prostitution* in any room, house, hotel or building." (Emphasis ours.) If the testimony of officer Clavin is to be believed, Rhoads was "concerned in the arrangement" of an act of prostitution in a hotel. True, the act did not take place, but she arranged, as between Clavin and Birdsall, for it to occur. In doing so, she was acting as a procuress. There was no testimony, from any source, that tends to prove that Clavin sought to persuade either of appellants to do what he says they did do, or "trapped" them.

If Birdsall agreed to give Clavin a "straight lay" for $20.00, then she agreed to engage in an act of prostitution. A female who engages in prostitution, or agrees to engage in sexual intercourse with a male for hire and for no other reason, is practicing the ancient profession of prostitution. To attempt to evade by resorting to a refinement of words is futile. Birdsall was charged with violation of Section 26.160 of the code of General Ordinances of Kansas City, Missouri, to-wit: "No person shall solicit any other person within the limits of Kansas City, Missouri, for the purpose of prostitution or sexual intercourse for hire, or for any act of sexual perversion. * * *."

Appellants contend that there was no substantial evidence to support the action of the director and the board in the revocation of their permits. They argue that there are discrepancies in the testimony of Clavin. We have read the record and hold same to be inconsequential.

It is also said that there is only evidence of one isolated case of misconduct. Such evidence is sufficient under the ordinances of Kansas City and sufficient in these cases. It is true that there was but one witness who testified to the acts constituting appellants' misconduct. In the celebrated case of Kansas City v. Plumb, Mo.App., 419 S. W.2d 457, 458, there was but one witness

to a single act of solicitation. Upon that evidence defendant was found guilty of the crime of soliciting for prostitution. This court affirmed the conviction.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion by SPERRY, Special Commissioner, is hereby adopted as the opinion of the Court.

All concur.